**EXHIBIT A**

CASE ASSIGNED TO
JUDGE GREGORY S. ANDERSON

COUNTY

2010 -9 PM 4:29

Michael D. Gaffney, ISB No. 3558
John M. Avondet, ISB No. 7438
BEARD ST. CLAIR GAFFNEY PA
2105 Coronado Street
Idaho Falls, ID 83404-7495
Tel: (208) 523-5171
Fax: (208) 529-9732
Email: gaffney@beardstclair.com
       javondet@beardstclair.com

Attorneys for Plaintiff, Eric Strickholm

# DISTRICT COURT SEVENTH JUDICIAL DISTRICT
# BONNEVILLE COUNTY IDAHO

| | |
|---|---|
| ERIC STRICKHOLM, an individual, | |
| Plaintiff, | Case No.: CV-10-7404 |
| vs. | |
| THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY-IDAHO FALLS VILLAGE, a corporation, | COMPLAINT AND JURY DEMAND |
| Defendant. | |

The plaintiff, Eric Strickholm, through counsel of record, Beard St. Clair Gaffney PA, hereby complains and alleges against the defendant, The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society-Idaho Falls Village (Good Samaritan), as follows:

## PARTIES AND JURISDICTION

1. The plaintiff is the natural child of the decedent, Alma Strickholm.

Complaint and Jury Demand -- 1

2. The plaintiff is a proper party plaintiff pursuant to Idaho Code section 5-311(2)(a) & (b).

3. The defendant, Good Samaritan, is a licensed nursing home facility, licensed in the State of Idaho and operating in Idaho Falls, Idaho.

4. On August 18, 2010, the plaintiff requested a prelitigation screening panel pursuant to Idaho Code section 6-2301. The panel issued its findings on November 22, 2010.

5. The amount in controversy exceeds the jurisdictional minimum of this court. Jurisdiction is proper pursuant to Idaho Code section 5-514.

6. Bonneville County is a proper venue pursuant to Idaho Code section 5-404.

## STATEMENT OF FACTS

7. On June 30, 2008, Alma Strickholm was released from Eastern Idaho Regional Medical Center (EIRMC) and into the care of Good Samaritan. Ms. Strickholm had been treated by EIRMC for pneumonia. The purpose of her admission into Good Samaritan was for occupational therapy and rehabilitation. Her stay at Good Samaritan was intended to be temporary.

8. EIRMC's discharge notes indicate that Ms. Strickholm had recovered from pneumonia and had shown "gradual" improvement in her clinical status. The note also indicates that Ms. Strickholm had "coccyx redness which will need to be followed more closely."

9. During Ms. Strickholm's stay at Good Samaritan, Ms. Strickholm was treated by several of the Good Samaritan nurses and staff.

Complaint and Jury Demand -- 2

10. According to the medical records generated by Good Samaritan, Ms. Strickholm demonstrated improvement in the first week of her stay. However, Ms. Strickholm's health declined thereafter. Ms. Strickholm experienced unremitting nausea, diarrhea and back pain.

11. According to Good Samaritan's "treatment administration record" it was aware as of July 16, 2008 that Ms. Strickholm had a "wound in the (right) buttocks." The would was "cleansed" on that day. The records indicate little, if any, other treatment of the wound prior to Ms. Strickholm's discharge from Good Samaritan.

12. According to Good Samaritan's "resident care record" specific orders for Ms. Strickholm's care were almost never followed. The orders included:

   a. Total lift and assist;
   b. Inspect skin daily;
   c. Peri-care & barrier cream post incontinence;
   d. V & D every two hours;
   e. Turn & reposition every two hours;
   f. Elevate heels off bed; and,
   g. Keep linen dry & wrinkle free.

13. On July 28, 2008, Ms. Strickholm was re-admitted into the emergency room at EIRMC for "lethargy" where it was discovered that she had a "very large stage 3 ulcer" on her buttocks. Ms. Strickholm was also experiencing abdominal pain, nausea and vomiting associated with the ulcer.

14. On August 7, 2008, Ms. Strickholm was discharged into the care of the Idaho Falls Health and Rehabilitation Center. At that point, Ms. Strickholm's condition had deteriorated and was attributed to the complications arising from the decubitus ulcer.

15. Ms. Strickholm passed away at the Idaho Falls Health and Rehabilitation Center on August 25, 2008, due to complications arising from the improper and negligent treatment provided by Good Samaritan.

## COUNT ONE: WRONGFUL DEATH

16. All previous paragraphs are incorporated by reference.

17. The defendant, as a long term care facility and nursing home providing services to the public, owed the plaintiff's decedent, Alma Strickholm, and the plaintiff, as her heir, a duty of care.

18. That duty of care required that the defendant and its agents exercise its best medical judgment and render care consistent with the requisite and applicable standard of care.

19. The defendant breached its duty of care by failing to exercise medical judgment and render care consistent with the requisite and applicable standard of care.

20. As a direct and proximate result of the defendant's breach, the plaintiff's decedent, Alma Strickholm, suffered a wrongful death resulting in damages to the plaintiff, including, but not limited to, loss of economic support and loss of the companionship, society, and comfort of his mother.

21. As a direct and proximate result of the defendant's breach, the plaintiff has suffered and will continue to suffer substantial and permanent damages in an amount to be determined at trial.

## COUNT TWO: NEGLIGENCE—BREACH OF DUTY OF CARE—WRONGFUL DEATH

22. All prior paragraphs are incorporated by reference.

23. The defendant has a general duty to exercise reasonable care to avoid causing injury to others.

24. The defendant failed to exercise reasonable care in providing medical services to the plaintiff's decedent, Alma Strickholm.

25. As a direct and proximate result of the defendant's failure to exercise reasonable care, the plaintiff's decedent suffered a wrongful death resulting damages to the plaintiff, including, but not limited to loss of economic support, loss of companionship, society, and comfort of his mother.

26. As a direct and proximate result of the defendant's failure to exercise reasonable care, the plaintiff has suffered and will continue to suffer substantial and permanent damages in an amount to be proven at trial.

## COUNT THREE: NEGLIGENCE—HIRING, TRAINING, SUPERVISION—WRONGFUL DEATH

27. All prior paragraphs are incorporated by reference.

28. The defendant, as a nursing home providing services to the public, has a general duty to exercise reasonable care in the hiring, training, and supervision of its employees.

29. The defendant failed to exercise reasonable care in the hiring, training, and supervision of its employees who assisted in the care of Alma Strickholm.

30. As a direct and proximate result of the defendant's failure to exercise reasonable care, the plaintiff's decedent suffered a wrongful death resulting damages to the plaintiff,

Complaint and Jury Demand -- 5

including, but not limited to loss of economic support, loss of companionship, society, and comfort of his mother.

31. As a direct and proximate result of the defendant's failure to exercise reasonable care, the plaintiff has suffered and will continue to suffer substantial and permanent damages in an amount to be proven at trial.

## COUNT FOUR—NEGLIGENCE PER SE

32. All prior paragraphs are hereby incorporated by reference.

33. The defendant negligently, recklessly, and carelessly provided care for the plaintiff's decedent in violation of federal regulations governing long-care facilities, including, but not limited to, 42 CFR § 483.25.

34. The defendant's violation 42 CFR § 483.25 constitutes negligence per se.

35. As a direct and proximate cause of the defendant's negligence per se, the plaintiff's decedent suffered a wrongful death resulting damages to the plaintiff, including, but not limited to loss of economic support, loss of companionship, society, and comfort of his mother.

36. As a direct and proximate result of the defendant's failure to exercise reasonable care, the plaintiff has suffered and will continue to suffer substantial and permanent damages in an amount to be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, the plaintiff prays for the following relief:

1. Entering judgment for the plaintiff and against the defendant in an amount to be proven at trial, including all special and general damages.

Complaint and Jury Demand -- 6

2. For an award of attorney fees and costs incurred by the plaintiff in bringing this action pursuant to Idaho Code §§ 12-120 and 12-121.

3. For further relief as the Court deems just and equitable.

### JURY DEMAND

Pursuant to Rule 38 of the Idaho Rules of Civil Procedure, the plaintiff demands trial by jury.

DATED: December 9, 2010

_____
Michael D. Gaffney
John M. Avondet
Of Beard St. Clair Gaffney PA
Attorneys for the Plaintiff

Complaint and Jury Demand -- 7