UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| ERIC STRICKHOLM,<br><br>　　　　Plaintiff,<br>　v.<br><br>THE EVANGELICAL LUTHERAN GOOD SAMARITAN SOCIETY d/b/a GOOD SAMARITAN SOCIETY – IDAHO FALLS VILLAGE, a corporation,<br><br>　　　　DefendantS. | Case No. 1:11-cv-00059-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Plaintiff Eric Strickholm and Defendant The Evangelical Lutheran Good Samaritan Society d/b/a Good Samaritan Society – Idaho Falls Village have filed motions in limine to exclude the other's expert witnesses (Dkt. 28 & Dkt. 40). Both parties argue that the other's expert witnesses do not have actual knowledge of the applicable standard of care. Good Samaritan also argues that Monica Bott, Strickholm's nursing expert, is not qualified to offer causation opinions. For the reasons set forth below, the Court will allow both parties' expert to testify regarding the applicable standard of care. With respect to Nurse Bott's testimony regarding causation, she has said she will defer to the doctor's opinion on this issue, and the issue is therefore moot.

# BACKGROUND

This is a medical negligence action brought by Eric Strickholm against Good Samaritan, a nursing home in Idaho Falls, Idaho. Eric Strickholm's mother, Alma Strickholm, was admitted into Good Samaritan on June 30, 2008, after being released from the hospital where she had been treated for pneumonia.

Strickholm has identified two experts in this matter, Inna Sheyner, M.D. and Monica Bott, to discuss standard of care and causation. Dr. Sheyner is the Medical Director of the Tampa Florida VA Hospital's 120-bed long-term-care facility. Dr. Sheyner states in her report that she is ""familiar with the standards of care for doctors and nurses relative to the patients that are at risk for pressure ulcers, weight loss, dehydration, electrolytes imbalance, renal insufficiency and deconditioning." *Duke Aff.,* Ex. E at 11. She also states that she is familiar with the federal regulations. *Id.* Nurse Bott is a registered nurse living in Burley, Idaho who currently works in an Intensive Care Unit at St. Luke's Magic Valley Regional in Twin Falls, Idaho. She has never worked in Idaho Falls.   Neither Dr. Sheyner nor Nurse Bott have spoken with local health care providers in Idaho Falls regarding the community standard of care.

Good Samaritan has disclosed two doctors as expert witnesses, as well as 26 individuals who provided care for Alma Strickholm during her stay at the Good Samaritan facility. Strickholm argues both the doctor and the nurse experts are problematic, but Strickholm focuses on the doctor experts. None of Good Samaritan's experts cite the Code of Federal Regulations – specifically 42 C.F.R. § 483.25 – in their expert reports or depositions.  Good Samaritan's experts have all worked in Idaho in

long-term care facilities and have indicated that they are familiar with the community standard of care.

Strickholm seeks to exclude Good Samaritan's experts because they do not reference the CFRs in their reports or depositions, and Good Samaritan seeks to exclude Strickholm's experts because they rely exclusively on the CFRs to establish the applicable standard of care, and they have done nothing to familiarize themselves with the "local" standard of care.

## ANALYSIS

Under Idaho law, a plaintiff in a medical malpractice case must

> affirmatively prove by direct expert testimony and by a preponderance of all the competent evidence, that such defendant then and there negligently failed to meet the applicable standard of health care practice of the community in which such care allegedly was or should have been provided, as such standard existed at the time and place of the alleged negligence of such physician and surgeon, hospital or other such health care provider and as such standard then and there existed with respect to the class of health care provider that such defendant then and there belonged to and in which capacity he, she or it was functioning.

I.C. § 6–1012. Section 6–1012 also details the criteria by which a health care provider shall be judged: "Such individual providers of health care shall be judged in such cases in comparison with similarly trained and qualified providers of the same class in the same community, taking into account his or her training, experience, and fields of medical specialization, if any." *Id.*

The applicable standard of care and the defendant's failure to meet it must be established by:

> testimony of one (1) or more knowledgeable, competent expert witnesses, and such expert testimony may only be admitted in evidence if the foundation therefor is first laid, establishing (a) that such opinion is actually held by the expert witness, (b) that the said opinion can be testified to with reasonable medical certainty, and (c) that such expert witness possesses professional knowledge and expertise coupled with actual knowledge of the applicable said community standard to which his or her expert testimony is addressed....

I.C. § 6–1013. If there is "no other like provider in the community and the standard of practice is therefore indeterminable, evidence of such standard in similar Idaho communities at said time may be considered." I.C. § 6–1012. A competent expert witness from somewhere other than the locale at issue may "adequately familiariz[e] himself with the standards and practices of (a particular) such area...." I.C. § 6–1013. If an out-of-area expert witness has personal knowledge of the national standard of care, he may adequately familiarize himself with the applicable local standard of care by contacting a local physician who states that the local standard of care does not differ from the national standard of care. *Grover v. Smith,* 137 Idaho 247, 251, 46 P.3d 1105, 1109 (2002).

    The Idaho Supreme Court has consistently held that "the plaintiff must offer expert testimony indicating the health care provider negligently failed to meet the standard of care for the class of health care provider to which he belonged and in which capacity he was functioning at the time of the alleged negligence" to prove a medical malpractice case. *Hayward v. Jack's Pharmacy Inc.*, 115 P.3d 713, 717 (Idaho 2005). The expert must show she is competent to testify and must state how she became familiar with the applicable standard of care. *Id.*

In this case, Strickholm argues that the Code of Federal Regulations – specifically 42 C.F.R. § 483.25 – sets forth the standard of care for skilled nursing homes. Strickholm's experts rely exclusively on the federal regulations to define the applicable standard of care, and Strickholm criticizes Good Samaritan's experts for failing to specifically identify the federal regulations governing skilled nursing homes. Good Samaritan retorts that Idaho law requires consideration of the local practice in medical malpractice cases, which Strickholm's experts did not consider. And therefore, according to Good Samaritan, Strickholm's experts – not Good Samaritan's – should be precluded from testifying about the standard of care.

Both parties are right. As noted above, Idaho law requires consideration of the local, "community" practice in medical malpractice cases. And typically an out-of-state expert with personal knowledge of the national standard of care must contact a local physician to confirm that the local standard of care corresponds with the national standard of care. But this is not the typical case involving "an ordinary hospital or physician's office." *Hayward*, 115 P.3d at 719.

Instead, this case involves a nursing home facility, and in *Hayward*, the Idaho Supreme Court distinguished between hospitals or physician's offices and nursing home facilities, which "are required to follow federal and state guidelines relating to patient care…, and they are responsible when those standards are not met." *Id.* Thus, according to the Idaho Supreme Court, "it follows that the standard of care for a physician treating a patient in a nursing home would be governed by those standards." *Id.*

*Hayward* teaches that Strickholm's experts, who rely on 42 C.F.R. § 483.25 – the same regulation at issue in *Hayward* – as establishing the applicable standard of care for nursing home facilities, are competent to testify regarding the applicable standard of care. *Hayward*, on the other hand, does not necessarily preclude Good Samaritan's expert, who do not specifically identify the federal or state regulations, from testifying regarding the standard of care. Good Samaritan's experts have stated they are familiar with the actual standard of care applicable to a skilled nursing facility based on their experience, training, and education. For example, one of Good Samaritan's doctor-experts, Dr. Cusack, has treated geriatric patients for over thirty years at long-term care facilities in Idaho, and he is familiar with the Idaho state guidelines and federal guidelines that apply to nursing homes. Good Samaritan's experts therefore satisfy the competency test even though they did not specifically identify the federal regulations.

The Court also finds that Dr. Cusack has laid adequate foundation for his opinion that Alma Strickholm suffered from an undiagnosed medical condition, despite Plaintiff's claim that the opinion "lacks foundation, is vague and overbroad, and constitutes speculative testimony." *Pl's Br.* at 9-10. Dr. Cusack says in his report that he based his opinion on a review of Ms. Strickholm's medical records in this matter and on his experience, training, and education. This is enough to lay the proper foundation for the admission of his testimony. Strickholm may attack Dr. Cusack's testimony with his own experts and through cross-examination.

**ORDER**

IT IS ORDERED THAT:

1. Plaintiff's Motion in Limine to exclude Defendants' experts (Dkt. 28) is DENIED

2. Defendant's Motion in Limine to exclude Plaintiff's experts (Dkt. 40) is DENIED.

DATED: February 19, 2013

B. Lynn Winmill
Chief Judge
United States District Court